**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BOJAN PAP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02025-TWP-MJD |
| | ) | |
| LAUREN LAWSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PETITIONER'S MOTION *IN LIMINE***

This matter is before the Court on Petitioner Bojan Pap's ("Pap") Motion in *Limine* (Filing No. 58). Pap brings this action against Respondent Lauren Lawson ("Lawson") pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*, which implements the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Convention"), T.I.A.S. No. 11,670, 1343 U.N.T.S. 89. Pap seeks the immediate return of minor child AVLP to Ireland. He filed the instant Motion seeking a preliminary ruling from the Court regarding the admissibility of certain opinions of Lawson's expert witness about how Irish courts determine a child's "habitual residence" under the Convention. For the reasons explained below, Pap's Motion *in Limine* is unopposed and **granted**.

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated

by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

At the evidentiary hearing in this matter, Lawson intends to offer expert testimony from Karen O'Leary regarding Irish law. Ms. O'Leary's written report, among other things, opines on how Irish courts determine a child's "habitual residence" for purposes of the Convention. Pap argues that this Court's habitual-residence analysis is governed by the Convention as interpreted by United States courts, so Ms. O'Leary's opinions about how Irish courts analyze the issue are irrelevant and thus inadmissible (Filing No. 58 at 1–5). In response, Lawson does not oppose Pap's request and confirms that she "does not intend to elicit any testimony from Ms. O'Leary regarding how habitual residence is determined in the Courts of Ireland." (Filing No. 61 at 1). Lawson also stipulates to striking the challenged opinions of Ms. O'Leary's report (Section Q8). *Id.* at 2. Pap does not move to exclude the remainder of Ms. O'Leary's report or anticipated testimony.

For the reasons discussed above, Pap's unopposed Motion in *Limine* (Filing No. 58) is **GRANTED**. An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the hearing in this matter, counsel may raise that issue with the Court during the hearing. Likewise, if the parties believe that specific evidence is inadmissible during the course of the hearing, counsel may raise specific objections to that evidence at the appropriate time.

The **Clerk is directed** to amend the text for Filing No. 61 to reflect that it is Respondent Lawson's Response re Filing No. [58] Petitioner's Motion *in Limine*.[1]

      **SO ORDERED**.

Date:   6/22/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Lynn Clerc
Beck Rocker LLC
cclerc@beckrocker.com

Anthony G Joseph
Master Law Group, LLC
ajoseph@masters-lawgroup.com

Katrina Anne Seipel
Buckley Law PC
kas@buckley-law.com

Katelyn Skinner
Buckley Law, PC
kds@buckley-law.com

---

[1] It appears that Lawson's response was originally erroneously filed as a "Counter Motion" on CM/ECF, rather than a response brief.

3